UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES S. UNDERWOOD,** | : | Case No. 4:08-CV-2540 |
| **Plaintiff,** | : | |
| | : | JUDGE KATHLEEN M. O'MALLEY |
| v. | : | |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | <u>ORDER</u> |
| **Defendant.** | : | |

The Commissioner of Social Security ("Commissioner") denied the application of the Plaintiff, James Underwood ("Underwood"), for Supplemental Security Income ("SSI"), in the above-captioned case. Underwood sought judicial review of the Commissioner's decision and, pursuant to Local Rule 72.2(b)(1) and 28 U.S.C. § 636(b)(1)(B), this matter was referred to Magistrate Judge Benita Y. Pearson ("Judge Pearson") for preparation of a Report and Recommendation ("R&R"). Both parties filed briefs in support of their respective positions. (Docs. 13 and 17.)

Judge Pearson submitted her R&R on December 23, 2009, recommending that the Court affirm the Administrative Law Judge's ("ALJ") final decision denying benefits to Underwood as supported by substantial evidence. (Doc. 18.) At the conclusion of the R&R, Judge Pearson specifically advised the parties of their right to object to the R&R and explained that failure to do so within fourteen (14) days of receipt would result in waiver of any right to object. (*Id*. at 30.)

Neither party has filed an objection to the R&R and the time period for doing so has expired. Importantly, Underwood has not objected to any portion of the R&R and "[f]ailure to object to an adverse magistrate's report and recommendation, after being advised of the consequences,

constitutes a waiver of further appellate review." *See United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that the failure to object to a magistrate judge's report and recommendation constitutes a waiver of the right to appeal the district court's order); *Smith v. Franklin*, 872 F.2d 1028 (6th Cir. 1989) (unpublished) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *see also Javaherpour v. United States*, 315 Fed. Appx. 505, 508 (6th Cir. 2009) ("[A] party must file timely objections with the district court to avoid waiving appellate review." (citing *States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981))). Indeed:

> In *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 471, 88 L. Ed. 2d 435 (1985), the United States Supreme Court specifically upheld [the Sixth Circuit's] rule conditioning the right to appeal a district court's order on the filing of specific objections to the magistrate's report and recommendation. The Court noted that "the Sixth Circuit rule, by precluding appellate review of any issue not contained in objections, prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing." *Id*.

*Wilson v. McMacken*, 786 F.2d 216, 220 (6th Cir. 1986); *see also Branch v. Commissioner of Soc. Sec.*, No. 07cv26, 2009 U.S. Dist. LEXIS 114390, *2-3 (N.D. Ohio Dec. 8, 2009) (granting the plaintiff's request for attorney fees where the Commissioner failed to object to the R&R recommending an award of fees).

Because Underwood has not objected to the R&R, he has waived his right to challenge Judge Pearson's findings, and it is unnecessary to review this matter further. Accordingly, the Court **AFFIRMS** the Commissioner's final decision denying benefits to Underwood, and this matter is **DISMISSED**.

**IT IS SO ORDERED.**

                                       s/Kathleen M. O'Malley
                                       **KATHLEEN McDONALD O'MALLEY**
                                       **UNITED STATES DISTRICT JUDGE**

Dated: January 22, 2010